STEPHENS, J.
(concurring).
I write separately to address two points of the analysis of the majority. The first point regards the equivocation about whether the failure to object to the victim’s testimony at the preliminary examination resulted in a waiver or forfeiture. I believe it was the latter. People v Carter, 462 Mich 206, 215-216; 612 NW2d 144 (2000), clarified and gave direction to the courts of this state that waiver *734 requires positive action or words while forfeiture results from incomplete or ineffective action or from complete inaction. In this case defense counsel, albeit for reasons of inadvertence, strategy, or courtesy, failed to object to the admission of the unsworn testimony given at the preliminary examination.
The second point addresses the ramifications of the forfeited error. I disagree with the majority that the forfeited error in this case was not structural. When our Supreme Court in People v Cain, 498 Mich 108, 117 n 4; 869 NW2d 829 (2015), discussed the class of trial error that could be labeled as structural, it offered a list of errors that had historically been placed within that class. It did not assert that the list was exhaustive. An examination of the historical list is instructive, however. It included items that affront our essential concept of system integrity—a biased judge, the absence of counsel, and the imposition of counsel when the defendant desires to self-represent. When the Kentucky Supreme Court, in Peak v Commonwealth, 197 SW3d 536, 547 (Ky, 2006), determined that the failure to administer an oath to a witness was not structural, it offered neither analysis nor reasoning and merely announced its conclusion, noting contrary federal authority. The concept that defendants should only be found guilty of crimes on the basis of the testimony of persons to whom some oath has been given is fundamental to our system of jurisprudence. The oath not only impresses the witness with the obligation to be truthful, but imposes grave penalties for a willful untruth. The oath serves to undergird public confidence in the integrity of our judicial system in much the same way that the promise of an unbiased judiciary and a jury of peers does. That said, as the majority notes, not all struc *735 tural errors demand reversal. I concur with the majority’s conclusion that reversal is not warranted in this case.